UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ACUSHNET COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CHECKSAMMY INC., ECO+ RECYCLING SERVICES, LLC, TED LAMBERT, SKY REVOLUTION RECYCLYING LLC, ALMEDIN HAMZIC and JOHN DOES 1-10,<br><br>Defendants. | ) | Civil Action No. 25:CV-10915-PBS |

**DEFENDANTS ECO+ RECYCLING SERVICES, LLC AND TED LAMBERT'S ANSWER TO CHECKSAMMY INC.'S CROSS-CLAIM, COUNTER CROSS-CLAIM AND JURY DEMAND**

Defendants Eco+ Recycling Services, LLC ("Eco") and Ted Lambert ("Mr. Lambert") (collectively referred to herein as "Cross-Claim Defendants"), by and through their undersigned counsel, hereby answer the Cross-Claim ("Cross-Claim") filed by Checksammy Inc. ("Checksammy") as follows:

The opening, introductory and unnumbered paragraph of the Cross-Claim purports to set forth the nature of the Cross-Claim asserted by Checksammy in this action. Therefore, no response is required.

**PARTIES**

1. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 1 of the Cross-Claim.

2. Cross-Claim Defendants admit the allegations set forth in Paragraph 2 of the Cross-Claim.

3. Cross-Claim Defendants admit the allegations set forth in the first sentence of Paragraph 3 of Cross-Claim. Cross-Claim Defendants deny the allegations set forth in the second sentence of Paragraph 3 of Cross-Claim.

4. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 4 of the Cross-Claim.

5. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 5 of the Cross-Claim.

## FACTUAL ALLEGATIONS

6. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 6 of the Cross-Claim.

7. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 7 of the Cross-Claim.

8. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 8 of the Cross-Claim.

9. Cross-Claim Defendants deny that Mr. Lambert is an owner or officer of Eco+ and deny that Mr. Lambert has general authority to act on Eco+'s behalf. Cross-Claim Defendants cannot admit or deny the second sentence of Paragraph 9 of the Cross-Claim as it is unintelligible except to admit that Mr. Lambert was Checksammy's contact for Eco+.

10. Cross-Claim Defendants deny the allegations set forth in Paragraph 10 of the Cross-Claim.

11. Upon information and belief. Cross-Claim Defendants admit the allegations contained in the first sentence of Paragraph 11 of the Cross-Claim. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in the second sentence of Paragraph 11 of the Cross-Claim.

12. The Bills of Lading speak for themselves and therefore no response is required. Further responding, Cross-Claim Defendants admit that Mr. Lambert's signatures appear on the Bills of Lading.

13. Paragraph 13 of the Cross-Claim does not allege any facts but instead purports to include a definition. Therefore, no response is required.

14. The Facebook Marketplace listing speaks for itself and therefore no response is required. Further responding, Cross-Claim Defendants do not understand what the phrase "Facebook Marketplace 46 listing" means and therefore cannot respond to this allegation. Cross-Claim Defendants admit that the Facebook Marketplace listing was posted in Ted Lambert's name.

15. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 15 of the Cross-Claim.

16. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 16 of the Cross-Claim.

17. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 17 of the Cross-Claim.

18. Cross-Claim Defendants deny the allegations set forth in Paragraph 18 of the Cross-Claim.

19. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 19 of the Cross-Claim.

20. Cross-Claim Defendants admit the allegations set forth in Paragraph 20 of the Cross-Claim.

21. Cross-Claim Defendants admit that no permission, approval or authorization was requested or received because none was required. Thus, Cross-Claim Defendants deny the allegations set forth in Paragraph 21 of the Cross-Claim.

22. The allegations set forth in Paragraph 22 are identical to the allegations set forth in Paragraph 21 and that response is therefore incorporated herein by reference.

23. Cross-Claim Defendants admit that no permission, approval or authorization was requested or received because none was required. Thus, Cross-Claim Defendants deny the allegations set forth in Paragraph 23 of the Cross-Claim.

24. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 24 of the Cross-Claim.

25. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 25 of the Cross-Claim.

26. Cross-Claim Defendants admit that they did not notify Checksammy that the Eco-Pallets had not yet been destroyed or recycled.

27. The so-called Foxboro Invoice is a document which speaks for itself and therefore no response is required. Cross-Claim Defendants deny that this Invoice was provided on or about April 1, 2025.

28. The so-called Recycling Solutions receipt is a document which speaks for itself and therefore no response is required. Cross-Claim Defendants deny that this receipt was provided on or about April 1, 2025.

29. Cross-Claim Defendants deny the allegations contained in Paragraph 29 of the Cross-Claim.

30. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 30 of the Cross-Claim.

31. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 31 of the Cross-Claim.

32. Counsel's April 10, 2025 correspondences speak for themselves and therefore no response is required.

33. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 33 of the Cross-Claim.

34. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 34 of the Cross-Claim.

35. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 35 of the Cross-Claim.

36. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 36 of the Cross-Claim.

37. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 37 of the Cross-Claim.

38. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 38 of the Cross-Claim.

39. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 39 of the Cross-Claim.

40. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 40 of the Cross-Claim.

41. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 41 of the Cross-Claim.

42. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 42 of the Cross-Claim.

43. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 43 of the Cross-Claim.

44. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 44 of the Cross-Claim.

45. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 45 of the Cross-Claim.

46. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 46 of the Cross-Claim.

47. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 47 of the Cross-Claim.

48. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 48 of the Cross-Claim.

49. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 49 of the Cross-Claim.

50. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 50 of the Cross-Claim.

51. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 51 of the Cross-Claim.

52. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 52 of the Cross-Claim.

53. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 53 of the Cross-Claim.

54. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 54 of the Cross-Claim.

**COUNT I**
**(Breach of Contract)**
**(ECO+)**

55. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

56. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 56 of the Cross-Claim.

57. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 57 of the Cross-Claim.

58. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 58 of the Cross-Claim.

59. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 59 of the Cross-Claim.

**COUNT II**
**(Breach of Contract)**
**(Sky Revolution)**

60. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

61. Count II is not directed to Lambert and Eco+. Therefore no response is required.

62. Count II is not directed to Lambert and Eco+. Therefore no response is required.

63. Count II is not directed to Lambert and Eco+. Therefore no response is required.

64. Count II is not directed to Lambert and Eco+. Therefore no response is required.

**COUNT III**
**(Tortious Interference With Business Relationships)**
**(Against ECO+ and Lambert)**

65. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

66. Cross-Claim Defendants lack information sufficient to admit or deny the allegations set forth in Paragraph 66 of the Cross-Claim.

67. Cross-Claim Defendants deny the allegations set forth in Paragraph 67 of the Cross-Claim.

68. Cross-Claim Defendants deny the allegations set forth in Paragraph 68 of the Cross-Claim.

69. Cross-Claim Defendants deny the allegations set forth in Paragraph 69 of the Cross-Claim.

**COUNT IV**
**(Tortious Interference With Business Relationships)**
**(Against Hamzic)**

70. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

71. Count IV is not directed to Lambert and Eco+. Therefore no response is required.

72. Count IV is not directed to Lambert and Eco+. Therefore no response is required.

73. Count IV is not directed to Lambert and Eco+. Therefore no response is required.

74. Count IV is not directed to Lambert and Eco+. Therefore no response is required.

**COUNT V**
**(Fraud)**
**(Against ECO+ and Lambert)**

75. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

76. Cross-Claim Defendants deny the allegations set forth in Paragraph 76 of the Cross-Claim.

77. Cross-Claim Defendants deny the allegations set forth in Paragraph 77 of the Cross-Claim.

78. Cross-Claim Defendants deny the allegations set forth in Paragraph 78 of the Cross-Claim.

79. Cross-Claim Defendants deny the allegations set forth in Paragraph 79 of the Cross-Claim.

**COUNT VI**
**(Fraud)**
**(Sky Revolution)**

80. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

81. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

82. Count VI is not directed to Lambert and Eco+. Therefore no response is required.

83. Count VI is not directed to Lambert and Eco+. Therefore no response is required.

84. Count VI is not directed to Lambert and Eco+. Therefore no response is required.

**COUNT VII**
**(Unjust Enrichment)**
**(Eco+ and Lambert)**

85. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

86. Cross-Claim Defendants deny the allegations set forth in Paragraph 86 of the Cross-Claim.

87. Cross-Claim Defendants deny the allegations set forth in Paragraph 87 of the Cross-Claim.

88. Cross-Claim Defendants deny the allegations set forth in Paragraph 88 of the Cross-Claim.

89. Cross-Claim Defendants deny the allegations set forth in Paragraph 89 of the Cross-Claim.

90. Cross-Claim Defendants deny the allegations set forth in Paragraph 90 of the Cross-Claim.

91. Cross-Claim Defendants deny the allegations set forth in Paragraph 91 of the Cross-Claim.

92. Cross-Claim Defendants deny the allegations set forth in Paragraph 92 of the Cross-Claim.

**COUNT VIII**
**(Unjust Enrichment)**
**(Sky Revolution)**

93. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

94. Count VIII is not directed to Lambert and Eco+. Therefore no response is required.

95. Count VIII is not directed to Lambert and Eco+. Therefore no response is required.

96. Count VIII is not directed to Lambert and Eco+. Therefore no response is required.

97. Count VIII is not directed to Lambert and Eco+. Therefore no response is required.

98. Count VIII is not directed to Lambert and Eco+. Therefore no response is required.

99. Count VIII is not directed to Lambert and Eco+. Therefore no response is required.

100. Count VIII is not directed to Lambert and Eco+. Therefore no response is required.

**COUNT IX**
**(Negligent Misrepresentation)**
**(Eco+ and Lambert)**

101. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

102. Cross-Claim Defendants deny the allegations set forth in Paragraph 102 of the Cross-Claim.

103. Cross-Claim Defendants deny the allegations set forth in Paragraph 103 of the Cross-Claim.

104. Cross-Claim Defendants deny the allegations set forth in Paragraph 104 of the Cross-Claim.

105. Cross-Claim Defendants deny the allegations set forth in Paragraph 105 of the Cross-Claim.

106. Cross-Claim Defendants deny the allegations set forth in Paragraph 106 of the Cross-Claim.

107. Cross-Claim Defendants deny the allegations set forth in Paragraph 107 of the Cross-Claim.

108. Cross-Claim Defendants deny the allegations set forth in Paragraph 108 of the Cross-Claim.

109. Cross-Claim Defendants deny the allegations set forth in Paragraph 109 of the Cross-Claim.

110. Cross-Claim Defendants deny the allegations set forth in Paragraph 110 of the Cross-Claim.

111. Cross-Claim Defendants deny the allegations set forth in Paragraph 111 of the Cross-Claim.

112. Cross-Claim Defendants deny the allegations set forth in Paragraph 112 of the Cross-Claim.

**COUNT X**
**(Negligent Representation)**
**(Sky Revolution and Hamzic)**

113. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

114. Count X is not directed to Lambert and Eco+. Therefore no response is required.

115. Count X is not directed to Lambert and Eco+. Therefore no response is required.

116. Count X is not directed to Lambert and Eco+. Therefore no response is required.

117. Count X is not directed to Lambert and Eco+. Therefore no response is required.

118. Count X is not directed to Lambert and Eco+. Therefore no response is required.

119. Count X is not directed to Lambert and Eco+. Therefore no response is required.

120. Count X is not directed to Lambert and Eco+. Therefore no response is required.

121. Count X is not directed to Lambert and Eco+. Therefore no response is required.

122. Count X is not directed to Lambert and Eco+. Therefore no response is required.

123. Count X is not directed to Lambert and Eco+. Therefore no response is required.

124. Count X is not directed to Lambert and Eco+. Therefore no response is required.

**COUNT XI**
**(Unfair & Deceptive Acts & Practices)**
**(Eco+ and Lambert)**

125. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

126. Cross-Claim Defendants deny the allegations set forth in Paragraph 126 of the Cross-Claim.

127. Cross-Claim Defendants deny the allegations set forth in Paragraph 127 of the Cross-Claim.

128. Cross-Claim Defendants deny the allegations set forth in Paragraph 128 of the Cross-Claim.

129. Cross-Claim Defendants deny the allegations set forth in Paragraph 129 of the Cross-Claim.

**COUNT XII**
**(Unfair & Deceptive Acts & Practices)**
**(Sky Revolution and Hamzic)**

130. Cross-Claim Defendants repeat and reallege the forgoing paragraphs as if fully set forth herein.

131. Count XII is not directed to Lambert and Eco+. Therefore no response is required.

132. Count XII is not directed to Lambert and Eco+. Therefore no response is required.

133. Count XII is not directed to Lambert and Eco+. Therefore no response is required.

134. Count XII is not directed to Lambert and Eco+. Therefore no response is required.

135. Count XII is not directed to Lambert and Eco+. Therefore no response is required.

136. Count XII is not directed to Lambert and Eco+. Therefore no response is required.

## DEFENSES

### First Defense

The Cross-Claim fails to state a claim upon which relief can be granted.

### Second Defense

Checksammy's claims are barred, in whole or in part, because Checksammy has not sustained any damages that were caused by Eco+ or Mr. Lambert.

### Third Defense

Checksammy's damages, to the extent it has suffered damages, were caused by the conduct of others.

### Fourth Defense

Checksammy's claims are barred by the doctrines of laches, waiver, estoppel, laches and unclean hands.

### Fifth Defense

Checksammy has failed to allege facts sufficient to demonstrate that Eco+ or Mr. Lambert were enriched in any manner whatsoever, let alone unjustly enriched.

### Sixth Defense

Checksammy's claims are barred due to its own fraud.

**Seventh Defense**

Checksammy's claims are barred due to its own material breach of contract.

**Eighth Defense**

Checksammy has failed to allege conduct by Eco+ or Mr. Lambert that was undertaken with improper motives or through improper means sufficient to support a tortious interference claim.

**Ninth Defense**

Checksammy's claims fraud and negligent misreprensetation claims fail as it has failed to identify any negligent or false statement of fact made by Eco+ or Mr. Lambert upon which it relied to its detriment.

**Tenth Defense**

Plaintiff's claims are barred by the doctine of in pari delicto.

**Eleventh Defense**

Plaintiff's claims are barred by principles of equity.

**RESERVATION OF DEFENSES**

Eco+ and Mr. Lambert hereby gives notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

## COUNTER CROSS-CLAIM

### Parties

1. Counter Cross-Claim Plaintiff Eco+ Recycling Services, LLC ("Eco+") is a domestic limited liability company organized under the laws of the state of Massachusetts with its principal place of business at 131 Morse Street in Foxborough, Massachusetts.

2. Upon information and belief, Counter Cross-Claim Defendant Checksammy, Inc. ("Checksammy") is a for-profit corporation organized under the laws of the state of Delaware with its principal place of business is located at 15851 Dallas Pkwy, Addison, Texas 75001. Checksammy is not licensed to conduct business in Massachusetts.

### Facts

3. According to its website, "Checksammy is a nationwide provider of on-demand, same-day waste and bulk junk removal and sustainability services."

4. In or around the April, 2024 time period, Checksammy began delivering a variety of different products, items and materials ("Materials") to Eco+'s warehouse in Foxboro, Massachusetts. Checksammy indicated that the Materials had been provided to it by different customers, including but not limited to Target, Walmart, Toyota, Amazon, Sephora and others.

5. At no time during its interactions with Eco+ did Checksammy, in any way, mandate, compel or even suggest how (if at all) Eco+ was required to dispose of the Materials.

6. Over the course of the next ten months, and on thirty-three separate occasions, Checksammy contacted Eco+ with regard to deliveries of Materials from Checksammy's customers.

7. The arrangement between Checksammy and Eco+ was largely consistent and operated as follows: Checksammy would notify Eco+ that Checksammy had obtained from its customer certain Materials which that particular customer no longer wanted or needed.

8. Checksammy would then physically deliver and drop off the Materials to Eco+'s warehouse in Foxboro, Massachusetts.

9. While Checksammy's physical delivery would oftentimes be accompanied by a Bill of Lading, no written contract or agreement was ever executed between Checksammy and Eco+.

10. Critically, at no time did Checksammy ever instruct, restrict or limit Eco+ concerning what Eco+ could or could not do with the Materials once they were delivered to Eco+.

11. Eco+ would then weigh the Materials which Checksammy had dropped off. Shortly thereafter, Eco+ would send an invoice Checksammy for payment. Eco+ typically charged Checksammy at a rate of fifty cents ($0.50) for each pound of Materials which Checksammy had dropped off. There were limited occasions when Eco+ charged forty cents ($0.40) per pound of Materials and other limited occasions when Eco+ charged Checksammy sixty cents ($0.60) per pound of Materials.

12. The variety of Materials Checksammy dropped off at Eco+'s warehouse was vast.

13. By way of example only, in the fall of 2024, Checksammy brought multiple tractor trailers of rubber gaskets which it claimed that Toyota no longer needed or wanted. Eco+ disposed of the rubber gaskets by, among other thing, coordinating the donation of the Materials for repurposing on turf fields in an indoor sports facility.

14. In or around the same time, Checksammy brought to Eco+ 6-8 truckloads of manikin which Target no longer needed.

15. When a Amazon warehouse closed in Boston, Checksammy brought several trackor trailers to Eco+ containing pallets of plastic bins, shelving and dividers.

16. Checksammy even brought Eco+ several trailers of frozen bread from Walmart. Eco+ donated the bread to farms to use as cattle feed.

17. At times, Eco+ would repurpose and/or sell the Materials brought to it by Checksammy. In other instances, Eco+ would dispose of the Materials by paying to have them hauled away to the local landfill. As noted above, Eco+ donated Materials when it could.

18. For those materials which Checksammy delivered to Eco+ containing metal, Eco+ stripped the metal and sold the scrap metal to a local scrap metal dealer.

19. Stated simply, there were no instructions, restrictions or limitations imposed on Eco+ by Checksammy about what it could (or could not) do with the Materials supplied to it by Checksammy. Checksammy retained Eco+ for the sole purpose of taking possession of the Materials.

20. In or around the late January, early February, 2025 time period, Checksammy contacted Eco+ and indicated that it had several pallets of golf merchandise which it wished to drop off. Checksammy did not indicate where it had acquired the golf merchandise.

21. At no time did Checksammy direct that the golf merchadise was to be disposed of in any particular manner. In fact, Checksammy provided no instructions at all with regard to the golf merchandise which it provided to Eco+.

22. Consistent with the prior thirty-two (32) transactions undertaken between Checksammy and Eco+, Checksammy provided no instructions or directions to Eco+ as to what

it could or could not do with the golf merchandise. Checksammy provided no limitations or restrictions as to what Eco+ could or could not do with the golf merchandise.

23. Consistent with its now long standing practice with Materials provided to it by Checksammy, Eco+ sought to dispose of golf merchandise. Some of the golf merchandise was disposed of by providing it for trash disposal. Other materials were lawfully posted for sale of Facebook Marketplace.

24. Unbeknowst to Eco+, Checksammy had apparently contracted with Plaintiff Acushnet Company to destroy the golf merchandise. This fact was never communicated to Eco+.

25. At no time was Eco+ directed or contracted by Checksammy to recycle, or even destroy the golf merchandise.

26. Instead, Eco+, as the owner of the golf merchandise, was contracted by Checksammy to take possession of the golf materials. Eco+ was free to utlitize, sell and dispose of the golf merchandise in any lawful manner it chose.

27. At some point, Acushnet Company discovered that, contrary to its agreement with Checksammy, the golf merchandise had not been destroyed. Upon information and belief, to cover up the fact that Checksammy had not complied with its agreement with Acushnet Company, Checksammy prepared and supplied to Acushnet Company a fraudulent 'Certificate of Destruction' which misrepresented that the golf merchandise had been recycled when it had not.

28. To continue in its fraudulent scheme, Checksammy misrepresented to Acushnet that it had contracted with and directed Eco+ to destroy the golf merchandise. Checksammy's claims in this regard were knowingly false and designed to divert attention from its own wrongdoing. At no time was Eco+ hired by Checksammy to recycle the golf merchandise.

29. As a result of Checksammy's wrongdoing, Eco+ lost significant opportnuties to legally convey the golf merchandise to third parties for valuable consideration.

**Count One**
**(Breach of Contract)**

30. Eco+ repeats and realleges the forgoing paragraphs as if fully set forth herein.

31. Checksammy and Eco+ entered into an agreement through which Checksammy provided to Eco+ certain golf merchandise.

32. Checksammy and Eco+'s agreement did not limit or restrict how Eco+ could dispose of the golf merchandise.

33. Checksammy breached its agreement with Eco+ by falsely contending to Acushnet Company that it had hired Eco+ to recycle the golf merchandise.

34. As a result, Eco+ was required to terminate transactions through which it had conveyed the golf merchandise to third parties and was compelled to return the remainder of the golf merchandise to Acushnet Company.

35. As a result of Checksammy's breach of contract, Eco+ has suffered damages.

**Count Two**
**(Violation of Chapter 93A)**

36. Eco+ repeats and realleges the forgoing paragraphs as if fully set forth herein.

37. Checksammy's acts and omissions as set forth above constitute unfair and/or deceptive acts or practices violative of M.G.L. c. 93A, §§ 2 and 11.

38. Checksammy's actions were undertaken in trade or commerce and occurred substantially in Massachusetts.

39. Checksammy's unfair and/or deceptive acts and practices constitute knowing, willful, and bad faith violations of M.G.L. c. 93A §§ 2 and 11.

40. As a result of the acts and practices described above, each of which was committed knowingly and willfully, Eco+ has sustained damages and will continue to sustain damages.

**JURY DEMAND**

Defendants Eco+ Recycling Services, LLC and Ted Lambert respectfully demand a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants Eco+ Recycling Services, LLC and Ted Lambert respectfully requests that this Court grant it the following relief:

(i) enter judgment in favor of Defendants Eco+ Recycling Services, LLC ("Eco+") and Ted Lambert against Cross-Claim Plaintiff on all claims pled in the Cross-Claim;

(ii) enter judgment in favor of Eco+ on Counts 1-2 of its Counter Cross-Claim and award damages in an amount so assessed by the jury;

(iii) award Eco+ and Ted Lambert their attorneys' fees, costs and interest;

(iv) award Eco+ treble damages in accordance with G.L. c. 93A and

(v) grant Eco+ and Ted Lambert such other and further relief as the Court deems just and proper.

ECO+ RECYCLING SERVICES, LLC and
TED LAMBERT

By their attorneys,

/s/ David H. Rich

David H. Rich (BBO # 634275)
drich@toddweld.com
TODD & WELD LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626

Dated: June 3, 2025

**CERTIFICATE OF SERVICE**

I, David H. Rich, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants on June 3, 2025.

*/s/ David H. Rich*
David H. Rich